[Crim. No. 3538. Fifth Dist. Mar. 20, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
MARVELEE STANLEY, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Chief Assistant State Public Defender,

Laurance S. Smith and Roy M. Dahlberg, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HOPPER, J.**—In this case Stanley appeals from an order of the trial judge denying him outpatient treatment and committing him to Atascadero State Hospital after he had entered a plea of guilty to a charge of violation of Penal Code section 288 and mentally disordered sex offender proceedings were instituted.[1]

Stanley argues that the trial judge had already decided that if Stanley were determined to be a mentally disordered sex offender, state mental hospital commitment was the only disposition. After two psychiatrists were appointed, the following took place between Mr. Johnson (Stanley's attorney) and the court:

"THE COURT: Let's put it down for the 24th of October. That will be the time the Court will decide as to whether he's a mentally disordered sex offender and if so, the Court will then commit him to the state hospital for treatment, and if the Court finds he is not a mentally disordered sex offender, the Court will then at that time sentence him. Is that satisfactory?

"MR. JOHNSON: With respect to the positive statement if the Court will commit him, whatever treatment would be necessary I think we'll be asking for.

"THE COURT: I don't follow you.

"MR. JOHNSON: In other words, I don't believe it's mandatory he be committed to the state hospital if there is some other treatment that is suggested by the physicians.

---

[1] We are informed that Stanley is now on parole from Atascadero State Hospital.

"THE COURT: I'm not saying I agree with that. I'll have to take a long look at that.

"MR. JOHNSON: I agree. That's the purpose of having the doctor's reports. Thank you, Your Honor.

"THE COURT: In other words, you mean treat him locally?

"MR. JOHNSON: If possible. If there's some means of doing it.

"THE COURT: I'll tell you right now. The Court wouldn't do it. Is that clear? If he's a mentally disordered sex offender, he's going to the state hospital for treatment. If he's not, the Court will take other steps not as you have stated."

We are persuaded from the above quoted remarks, and in the light of the entire record, that the trial judge prejudged this matter necessitating that the case be reversed and remanded to the trial court for further proceedings before a different judge. At those new proceedings, if the trial court deems it appropriate, mentally disordered sex offender proceedings can be reinstated *from the beginning*.

 Stanley next contends that the trial court committed prejudicial error in failing to request an evaluation by the County Mental Health Director, Dr. Davis. Welfare and Institutions Code section 6316 provides in part: "If, after examination and hearing, the court finds that the person is a mentally disordered sex offender and that the person could benefit by treatment in a state hospital, or other mental health facility the court in its discretion has the alternative to return the person to the criminal court for further disposition, or may make an order committing the person to the department for placement in a state hospital, or may commit the person to the county mental health director for placement in an appropriate public or private mental health facility, approved by such director, and a copy of such commitment shall be personally served upon said person within five days after the making of such order. The court shall transmit a copy of its order to the county mental health director or his designee. Prior to making such order, the court shall order the county mental health director or his designee to evaluate the defendant and to submit to the court within 15 judicial days of such order his written recommendation as to whether the defendant should be committed to a state hospital or to another mental

health facility. No person shall be admitted to a state hospital or other facility without having been evaluated by the county mental health director or his or her designee."

Dr. Davis did examine Stanley. Respondent argues that there is nothing in the record to indicate that Dr. Davis was not functioning in his official capacity during his examination and even if Dr. Davis was acting as a private doctor, it would be a total waste of time and resources to send Stanley back, with orders that the doctor "change hats" and conduct a second evaluation in his official capacity. Thus, respondent argues that the statutorily required evaluation took place here and that to remand for a literal compliance with the statute as suggested by Stanley is "redundant, wasteful and entirely unintended." We disagree with respondent and conclude that Stanley's contention has merit.

First, the record is clear that Dr. Davis was appointed to make a report in his private capacity and not in his official capacity.[2] Second, contrary to the argument of respondent it is not merely a matter of a doctor changing hats. Different purposes and functions are involved. The purpose of the report Dr. Davis made, as a private physician, was to assist in the determination of whether or not Stanley was a mentally disordered sex offender. Under Welfare and Institutions Code section 6316 the county mental health director is not concerned with determining whether a defendant is a mentally disordered sex offender and if so, whether he is amenable for treatment in the state hospital. Instead the county mental health director is concerned with the appropriate disposition of a defendant, i.e., commitment to a state hospital or to another facility.

We agree with the view and unanimous holding in *People* v. *Yarber* (1979) 90 Cal.App.3d 895, 906 [153 Cal.Rptr. 875],[3] that the "Legislature intended that *before* a court decided to commit a defendant to a mental health facility, it would have the recommendation of the county mental health director as to whether the commitment should be to a state hospital or to some other mental health facility." (Fn. omitted.)

---

[2]As Dr. Davis stated in his report, written on his personal stationery, the purpose of this examination was to assist the court in determining whether or not Mr. Stanley is a "mentally disordered sex offender."

[3]The dissent in *Yarber* was directed toward a codefendant and another issue.

█ Procedural errors or omissions in mentally disordered sex offender commitment proceedings render the commitment void (see *People* v. *Yarber, supra*, 90 Cal.App.3d 895, 906, and cases cited).

In view of the conclusion reached herein the other issues raised by Stanley need not be discussed.

For the reasons set forth the commitment order is reversed and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein to be conducted before a different trial judge.

Brown (G. A.), P. J., and Zenovich, J., concurred.